IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARTEZ HAMMONDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-831-WKW |
| | ) | (WO -- Do Not Publish) |
| BILLY SHARP,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner Artez Hammonds's Rule 59(e) Motion to Reconsider, Alter, or Amend this Court's Final Judgment and Grant an Evidentiary Hearing. (Doc. # 130.) Hammonds asks the court to vacate its judgment of March 27, 2012, which dismissed with prejudice his request for habeas relief, because the court's Memorandum Opinion and Order (Doc. # 128) on which the judgment is based contains "substantial factual errors and significant errors of law." (Doc. # 130.) Having carefully considered Hammonds's motion, the State's opposition,[2] and the

---

[1] At the time the court entered its March 27, 2012 opinion and final judgment, the Respondent was Kim Tobias Thomas, Commissioner of the Alabama Department of Corrections. He has since been replaced in this position by Billy Sharp. Accordingly, pursuant to Federal Rule of Civil Procedure 25(d), Sharp is substituted as Respondent in this action, and Kim Tobias Thomas is terminated as a party.

[2] On July 2, 2012, Hammonds filed a motion for leave to file a reply to the State's response in opposition to his Rule 59 motion. (Doc. # 135.) Attached to this motion was Hammonds's proposed reply brief. (Doc. # 135, Ex. 1.) On July 3, 2012, the court granted Hammonds leave to file his reply brief, but Hammonds never filed this brief with the court. (Doc. # 136.) As a result,

record as a whole, the court finds that Hammonds's motion is due to be denied.

## I. DISCUSSION

**A.    Rule 59 Standard**

Federal Rule of Civil Procedure 59(e) authorizes the filing of a motion to alter or amend a judgment after its entry. This rule provides no specific grounds for relief, and "[t]he decision to alter or amend judgment is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985). In the Eleventh Circuit, the only grounds for granting a Rule 59 motion are newly discovered evidence, an intervening change in controlling law, or the need to correct clear error or manifest injustice. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Am. Tower, L.P. v. City of Huntsville, Ala.*, No. CV-99-B-2933-NE, 2000 WL 34017802, at * 25 (N.D. Ala. Sept. 29, 2000). Rule 59 does not give dissatisfied parties the chance to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly."

---

the court did not consider the arguments made in Hammonds's proposed reply brief when deciding his Rule 59 motion.

*Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

**B.**     **Hammonds's Rule 59 Motion**

Hammonds's motion asserts three grounds for vacating the court's March 27, 2012 final judgment denying him habeas relief. The first ground is that the court's opinion failed to consider the cumulative impact of the prosecutor's misconduct, as well as the "most important" aspects of a curative jury instruction, which, Hammonds claims, was deficient and failed to cure the harm caused by the prosecutor's misconduct. (Doc. # 130, at 2.) The second ground is that the court improperly denied Hammonds's penalty phase ineffective assistance claim because trial counsel clearly performed below professional norms in presenting (or failing to present) mitigation evidence. (Doc. # 130, at 10.) The third and final ground is that, based on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the court must reconsider its holding that Claim B(3)(g) of Hammonds's petition was procedurally defaulted due to post-conviction counsel's failure to raise this claim during Hammonds's Rule 32 proceeding, and should, instead, excuse that default and consider Claim B(3)(g) on the merits. (Doc. # 130, at 23.) The court will discuss each argument below.

   **1.**     *Prosecutorial Misconduct*

Hammonds's motion first takes issue with the court's denial of habeas relief on his prosecutorial misconduct claim. The misconduct forming the general basis of this

claim is statements made by the prosecutor during trial regarding Hammonds's decision not to testify on his own behalf and Hammonds's prior incarceration. Hammonds argues that the court failed to consider the cumulative impact of the prosecutor's misconduct and also failed to consider the "most important" aspects of the curative instruction given by the trial court. According to Hammonds, if the court had fully considered those factors, it would have concluded that the trial court's curative instruction was deficient and failed to cure the harm caused by the prosecutor's misconduct.

Although not specifically stated by Hammonds, it appears that the basis for this portion of Hammonds's Rule 59 motion is that the court committed clear errors of law and fact when it denied Hammonds relief on his prosecutorial misconduct claim. These errors are more fully described in Hammonds's motion as follows: (1) when considering the prosecutor's improper reference at trial to Hammonds's decision not to testify on his behalf, the court described the state trial court's use of the phrase "no presumption of guilt or innocence" in its curative instruction as a "semantic flaw" and failed to consider the fact that the state trial court never instructed the jury that no adverse inference could be drawn from Hammonds's decision not to testify; (2) the court failed to consider the cumulative effect of the prosecutor's misconduct; (3) the court incorrectly stated that the prosecutor's reference during trial to Hammonds's

prior incarceration was made "in passing"; (4) the court did not take issue with the state trial court's description of Hammonds's decision not to testify as a "failure" to testify; (5) the court did not consider the "numerous legal errors" contained in the state trial court's curative instruction and the fact that this instruction failed to actually cure the harm caused by the prosecutor's misconduct; and (6) the court's statement that Hammonds "failed to cite a single case showing that the State's findings about the sufficiency of the trial judge's curative instructions were constitutionally infirm" was "factually and legally erroneous." After careful consideration of these arguments, the court finds that Rule 59 relief is not warranted with respect to Hammonds's prosecutorial misconduct claim.

Rule 59 is "not a vehicle for rehashing arguments already rejected by the court[,]" "for refuting the court's prior decision[,]" or for relitigating old arguments. *Lehman Bros. Holdings, Inc. v. Hirota*, No. 8:06-cv-2030, 2008 WL 4791717, at *1 (M.D. Fla. Oct. 30, 2008) (internal quotations omitted) (alterations to original). Yet, that is precisely what Hammonds is attempting to do. Through his Rule 59 motion, Hammonds presents arguments that, when examined more closely, consist of nothing more than his general disagreement with the court's decision to deny habeas relief on his prosecutorial misconduct claim. Hammonds's general disagreement with the court's decision, however, is not a sufficient basis to grant Rule 59 relief.

A party seeking relief under Rule 59 must set forth facts or law of such a strongly convincing nature that the court is induced to reverse its prior decision. *See Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1276 n.2 (11th Cir. 2005). This is a heavy burden that Hammonds has failed to meet with respect to his prosecutorial misconduct claim. Indeed, a review of the court's March 27, 2012 decision shows that the court did in fact consider the prosecutor's inappropriate comments with respect to Hammonds's decision not to testify and his prior incarceration, both of the curative instructions given by the state trial court to correct any harm caused by these statements, <u>and</u> the cumulative impact of these statements and curative instructions on the fundamental fairness of Hammonds's trial. After considering all of this, the court was not persuaded that the various state courts, which had reviewed Hammonds's prosecutorial misconduct claim and had found that the trial court corrected any resulting harm by giving appropriate curative instructions, "acted contrary to, or engaged in an unreasonable applicable of, clearly established federal law." (Doc. # 128, at 59.)

While Hammonds may disagree with the court's views on the nuances of his prosecutorial misconduct claim, he has not presented any facts or law of such a strongly convincing nature that the court is compelled to change its decision. Hammonds has not identified any law stating that the only way to cure harm caused

by a prosecutor's improper reference to a defendant's decision not to testify at trial is through giving a "no adverse inference" instruction,[3] as opposed to some other appropriate curative instruction. Hammonds also has not identified any authority holding that the trial court's use of the word "failure" in an instruction to describe a defendant's decision not to testify is per se unconstitutional. Nor has Hammonds demonstrated how the court committed a clear error of law or fact sufficient to warrant Rule 59 relief by describing the trial court's use of the phrase "no presumption of guilt or innocence" in one of its curative instructions as a "semantic flaw," by describing the prosecutor's reference to Hammonds's prior incarceration as a statement made "in passing," or by finding certain legal authorities cited by Hammonds unpersuasive or inapplicable.

In sum, Hammonds has failed to meet his heavy burden for relief under Rule 59 with respect to the denial of habeas relief on his prosecutorial misconduct claim. Accordingly, Hammonds's motion is due to be denied as to that claim.

### 2. *Ineffective Assistance of Penalty Phase Counsel*

Hammonds takes issue with the court's denial of habeas relief on his claim of ineffective assistance of counsel at the penalty phase of his trial. Specifically,

---

[3] Notably, Hammonds does not contend that his trial attorneys ever requested that a "no adverse inference" instruction be given to cure the harm caused by the prosecutor's reference to his decision not to testify during the guilt phase of his trial.

Hammonds contends:

> Instead of effectively presenting the jury and sentencing court with witness testimony that demonstrated why Mr. Hammonds should not be sentenced to death and why the three aggravating factors did not outweigh the mitigating circumstances, counsel only presented limited witnesses whose testimony was undercut by inadequate preparation. As a result, Mr. Hammonds' trial counsel's performance, as measured under professional norms, was deficient.

(Doc. # 130, at 17.) However, as the State pointed out, "this ground constitutes nothing more than a disagreement with this Court's denial of this claim." (Doc. # 134, at 6.) Hammonds has not presented any newly discovered evidence, an intervening change in controlling law, or clear error that warrants changing or altering the court's denial of habeas relief on his penalty phase ineffectiveness claim. All Hammonds has presented in his Rule 59 motion is a regurgitation of his previous arguments with respect to that claim. Because Hammonds has failed to meet his heavy burden for relief under Rule 59 with respect to the denial of habeas relief on his penalty phase ineffective assistance claim, his motion is due to be denied as to that claim.

### 3. *Martinez v. Ryan and Claim B(3)(g)*

In his habeas petition, Hammonds asserted, among other things, that his trial counsel rendered prejudicial ineffective assistance. This claim consisted of many sub-claims, including Claim B(3)(g), which alleged that Hammonds's trial counsel were ineffective by failing to interview Valerie Rivers and to impeach her trial testimony.

The court found that this claim was procedurally barred because Hammonds never presented the underlying facts and assertions to the state court during his post-conviction Rule 32 proceeding, and the court, therefore, did not consider the merits of this claim. (Doc. # 128, at 18–19.)

In his Rule 59 motion, Hammonds now contends that the Supreme Court's decision in *Martinez v. Ryan*, 131 S. Ct. 1309 (2012), excuses his procedural default of Claim B(3)(g) and, instead, permits the court to review the merits of this claim. (Doc. # 130, at 23–54.) As a general rule, a petitioner may not rely on the ineffective assistance of post-conviction counsel to establish cause to excuse the procedural default of a claim because there is no constitutional right to an attorney in state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). However, in *Martinez*, the Supreme Court carved out a narrow equitable exception to this rule, holding that

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 131 S. Ct. at 1320. In *Trevino v. Thaler*, the Court extended the rationale of *Martinez* to cases where, as a matter of systemic operation, the first opportunity to challenge trial counsel's ineffectiveness is in state post-conviction proceedings. 133

9

S. Ct. 1911 (2013). Thus, to establish cause in circumstances where *Martinez* and *Trevino* apply, a petitioner must establish (1) a "substantial" claim of ineffective assistance of trial counsel; (2) the cause for failure to exhaust the claim is ineffective or lack of post-conviction counsel in the initial-review collateral proceeding; (3) the state collateral proceeding was the "initial" opportunity to review the claim regarding trial counsel's performance; and (4) the state requires, either by law or as a practical matter, that ineffective assistance of trial counsel claims be raised in the post-conviction proceeding. *Trevino*, 133 S. Ct. at 1918, 1921; *Martinez*, 132 S. Ct. at 1320. "If a petitioner can establish cause under *Martinez*, he still must establish prejudice as a result of the defaulted ineffective assistance of trial counsel claim, that is, but for the error, there is a reasonable probability that the result of the proceeding would have been different." *Santana v. Cummins*, No. 1:10-cv-493, 2014 WL 1491176, at *22 (M.D. Ala. Apr. 14, 2014).

As an initial matter, *Martinez* does not represent, as Hammonds claims, an intervening change in controlling law that would provide a basis on which the court could grant relief under Rule 59. (Doc. # 130, at 24.) *Martinez* was decided on March 20, 2012, a week before the court entered its March 27, 2012 opinion and final judgment. (*See* Doc. # 128); *Martinez*, 132 S. Ct. at 1309. Hammonds could have raised a *Martinez* issue before the court's March 27, 2012 ruling, but he did not.

10

Thus, Hammonds's *Martinez* argument is barred. *See Hutton v. Mitchell*, No. 1:05-cv-2391, 2013 WL 4060136, at *2 (N.D. Ohio Aug. 9, 2013).

Even if *Martinez* qualifies as an intervening change in controlling law, Hammonds's argument still fails because he has not and cannot establish a "substantial" claim of ineffective assistance of trial counsel. A substantial claim is one that "has some merit." *Martinez*, 132 S. Ct. at 1318. A claim is insubstantial if "it does not have any merit, or . . . is wholly without factual support, or . . . the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Id.* at 1319. In short, to demonstrate a substantial claim under *Martinez*, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (internal quotations omitted).

Valerie Rivers testified that Hammonds showed her children's father a ring similar to the one stolen from the victim. Hammonds claims this is the only lay testimony that linked him to the crime, so when his trial counsel failed to interview Rivers, failed to investigate the veracity of her statement, and failed to impeach her testimony at trial, he was prejudiced because the other evidence against him was weak. This was because, according to Hammonds, the jury did not find the DNA

evidence overwhelming, his blood and fingerprint being found in the victim's residence was of low probative value because he could have cut himself when he delivered furniture to the residence the day before the crime, and the State's investigation of the crime scene was sloppy. (Doc. # 130.)

The record is clear, however, that, notwithstanding Rivers's testimony, there was other overwhelming evidence of Hammonds's guilt. At the crime scene, the police found Hammonds's sperm on a paper tissue, his spermatozoa on the vaginal and anal swabs from the victim, and his blood on the victim's bedroom door and baseboard. Hammonds claims that the jury did not find this DNA evidence overwhelming, but such a claim is pure speculation. To support this claim, Hammonds points to two questions asked by the jury during deliberations — was there not a fingerprint found on the toilet seat and when was the phone installed? — but neither of these questions demonstrates what weight the jury gave to the DNA evidence or whether they were concerned about the quality of this evidence. Moreover, as the State points out, Rivers was not the only lay witness who linked Hammonds to the crime. Greg Gordon, the other Haverty's employee, testified that he and Hammonds delivered and set up furniture at the victim's house the day before the crime. Finally, Hammonds's arguments with respect to his blood and fingerprints being found in the victim's residence, and the alleged sloppiness of the State's crime

scene investigation, are equally speculative and do nothing to demonstrate that his trial counsel's failure to investigate and to impeach Rivers's testimony was unconstitutionally prejudicial or would have changed the result of the proceeding.[4]

In sum, Hammonds's claim that his trial counsel were ineffective for failing to interview and to impeach Valerie Rivers, and that if they had, there is a reasonable probability that at least one juror would have changed his or her vote, lacks factual support. Hammonds has not shown that Claim B(3)(g) was "substantial" so as to excuse his default under *Martinez*. Nor has he presented any newly discovered

---

[4] To the extent the State argues that Hammonds's *Martinez* argument also fails because Hammonds's Rule 32 proceeding was not the "initial" opportunity to review his claim regarding trial counsel's performance and because Alabama does not require ineffective assistance of trial counsel claims to be raised in post-conviction proceedings, these arguments lack merit when considering the unique circumstances of this case. It is true that Alabama does not require ineffective assistance of trial counsel claims to be raised in post-conviction proceedings. To the contrary, state law positively provides that "[a]ny claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable." Ala. R. Crim. P. 32.2(d). In other words, claims of ineffective assistance of counsel could be raised prior to a Rule 32 proceeding through a motion for a new trial or on direct appeal. *See Diggs v. Mitchem*, No. 03-0104-WS-M, 2014 WL 4202476, at *5 (S.D. Ala. Aug. 22, 2014).

In this case, however, Hammonds's trial counsel was also his counsel through direct appeal, and it would have been inappropriate for said counsel to allege their own ineffectiveness. Thus, even though Hammonds could have arguably raised his ineffective assistance of trial counsel claims through a motion for a new trial or on direct appeal, given that his trial counsel was his counsel through trial and on direct appeal, his Rule 32 proceeding would have been his first opportunity to raise those claims. *See Givens v. Kyler*, No. 02-2655, 2014 WL 6883513, at *6 (E.D. Pa. Dec. 8, 2014) (noting that petitioner did not receive new counsel until his post-conviction proceeding and, therefore, he was unable to raise claims of ineffective assistance of trial counsel on direct review); *Brown v. Thomas*, No. 2:11-cv-3578-RDP, 2013 WL 5934648, at *2 (N.D. Ala. Nov. 5, 2013) (noting that even though Alabama does not bar a defendant from raising ineffective assistance of counsel claims on direct appeal, it would have been "highly unlikely" for such claims to be raised on direct appeal when the petitioner was represented on appeal by one of his original trial attorneys); *Johnson v. Vaughn*, No 00-2334, 2013 WL 6077354, at *7 (E.D. Pa. Nov. 19, 2013) (same).

evidence or other argument that would compel the court to change its March 27, 2012 decision with respect to Claim B(3)(g). Accordingly, Hammonds's Rule 59 motion is due to be denied with respect to his *Martinez* claim.

## II.  CONCLUSION

For the reasons explained above, there is no merit to Hammonds's motion. Therefore, the court declines to hold an evidentiary hearing, and it is ORDERED that Hammonds's motion (Doc. # 130) is DENIED.

DONE the 24th day of March, 2015.

                                                      /s/ W. Keith Watkins  
                                      CHIEF UNITED STATES DISTRICT JUDGE